IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD WATKINS,<br>    Plaintiff,<br><br>v.<br><br>SALEM CARRIERS INCORPORATED,<br>CHRISTI I. WHITAKER, SALEM<br>SAFETY DEPARTMENT, CRUM &<br>FORSTER INSURANCE BROKERS,<br>TAMMIE ROSSITER MANAGER,<br>and TONI WHITLOW,<br>CRUM & FORSTER ADJUSTER,<br>    Defendants. | §<br>§<br>§<br>§  Civil Action No. 3:19-CV-2252-X-BH<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are *Plaintiff's Motion for Remand*, filed October 11, 2019 (doc. 6), and the plaintiff's *Motion to Stay Discovery*, filed March 10, 2020 (doc. 14). Based on the relevant filings and applicable law, the motion for remand should be **DENIED,** and the motion to stay discovery is **DENIED as moot**.

**I. BACKGROUND**

On August 16, 2019, Donald Watkins (Plaintiff) sued Salem Carriers Incorporated, Cristi I. Whitaker, and Salem Safety Department (collectively Salem Defendants), and Crum & Forster, Tammie Rossiter, and Toni Whitlow (collectively Crum Defendants), in County Court at Law No. 4 in Dallas County, Texas, for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the Texas Workers' Compensation Act, V.T.C.A., Labor

---

[1]By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management.

Code § 401.001 *et seq.* (TWCA). (doc. 1-6 at 1-7.)[2]  His state court petition alleges that the defendants "discriminated and retaliated against [him] for suffering a disability and exercising his Texas right to file for Worker's Compensation claim by denying employment accommodation and terminating [his] employment in direct violation of the ADA and [TWCA]." (*Id.* at 6.)  Plaintiff seeks "lost past light duty wages in the amount of $30,000," "lost future wages for five years in the ammount[sic] of $179,400," and "punitive damages in the amount of $100,000 from each Defendant." (*Id.* at 6-7.)

On September 19, 2019, Crum Defendants removed the action, asserting federal question jurisdiction based on Plaintiff's ADA claims. (*See* doc. 1 at 3.)[3]  They contend that the Court has supplemental jurisdiction over his remaining claims. (*Id.*)

On October 11, 2019, Plaintiff moved to remand this action, arguing the Court lacks subject matter jurisdiction because his "Title I ADA complaint is currently under investigation with the EEOC and the administrative remedies have not been exhausted when this case was removed to federal court." (doc. 7 at 1-2.)  He also alleges that he was never served the notice of removal. (*Id.* at 1.)  The defendants filed separate responses to the motion on November 1, 2019, but he did not reply. (docs. 12, 13.)  On March 10, 2020, Plaintiff moved to stay discovery pending resolution of the motion to remand. (doc. 14.)  The defendants jointly responded to the motion on March 19, 2020 (doc. 17), and he replied on March 30, 2020 (doc. 19).

## II. MOTION TO REMAND

Any civil action brought in state court may be removed to federal court if the district court

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] The joint notice of removal states that the Salem Defendants "consent to this removal." (docs. 1 at 5; 1-19.)

has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a). When a civil action is removed solely under 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* at § 1446 (b)(2).

"Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, No. EP-10-CV-338-PRM, 2011 WL 3678584, at *2 (W.D. Tex. Mar. 31, 2011) (citing *Burks*, 8 F.3d at 303). If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint,

on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV A H 06-02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court . . . [may] consider the defendant's notice of removal, other pleadings, and the record as of the time of removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

### A.   **Procedural Defect**

Plaintiff contends that removal was not proper because he was never served the notice of removal. (doc. 7 at 1.)

Removal is a three-step process that "requires a removing party to (1) file the notice of removal in the federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court." *Hampton v. Union Pacific R. Co.*, 81 F. Supp. 2d 703, 707 (E.D. Tex. 1999) (citing 28 U.S.C. § 1446(d)); *see Frank A. Smith Sales, Inc. v. Great Northern Ins. Co.*, No. 7:14-CV-804, 2015 WL 12804538, at *2 (S.D. Tex. Feb 23, 2015) (same). "[R]emoval is not effected until all three requirements are met." *Frank A. Smith Sales, Inc.*, 2015 WL 12804538, at *2; *Hampton*, 81 F. Supp. 2d at 707.

Here, the Crum Defendants have shown that they filed their notice of removal in federal court and a separate notice of removal in state court on September 19, 2019. (*See* docs. 1; 12-1 at 5-6.) The state court records reflect that the notice of removal filed in state court was served

4

electronically on Plaintiff at the email address he had on file in the state action.[4] (*See* doc. 12-1 at 91-93.) Crum Defendants also sent him a copy of the notice of removal via certified mail. (*Id.* at 2); *see Russell v. Bac Home Loans Servicing, L.P.*, No. SA-14-CA-480-FB, 2015 WL 11545023, at *4 (W.D. Tex. Mar. 11, 2015) (citation omitted) ("The mailing of the notice of removal was sufficient to promptly give plaintiff written notice of the removal, which is all the statute requires."). Plaintiff does not dispute this evidence, nor their allegations that they sent him a copy of the notice of removal. Because the § 1446(d) requirements have been satisfied, remand for failure to serve notice of removal is not warranted.

**B.  Jurisdictional Defect**

Plaintiff argues that this case should be remanded because his "Title I ADA complaint is currently under investigation with the EEOC and the administrative remedies have not been exhausted when this case was removed to federal court." (doc. 7 at 1-2.) He contends that there is no federal question jurisdiction because his ADA claim "has not satisfied the exhaustion requirement." (*Id.* at 2.) The defendants respond that Plaintiff's ADA claim is within the Court's subject matter jurisdiction because it involves a federal statute, and that the exhaustion requirement for Title I ADA claims does not preclude removal. (docs. 12 at 3-4; 13 at 5.)

Generally, a defendant may not remove a state case to federal court unless the face of the plaintiff's well-pleaded complaint "establishes that the cause of action arises under federal law." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983)). The Fifth Circuit has held that

---

[4]Under Texas law, an electronic filed document "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." See Tex. R. Civ. P. 21a(a)(1).

5

federal courts have federal question jurisdiction over ADA claims. *See Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 331 (5th Cir. 2016) ("The district court had jurisdiction over [the plaintiff's] federal ADA claims under 28 U.S.C. § 1331."); *see also Clewis v. Medco Health Solutions, Inc.*, 578 F. App'x 469, 471 (5th Cir. 2014) (concluding that the district court had subject matter jurisdiction because plaintiff's petition at the time of removal contained a federal claim for violation of the ADA).

Here, Plaintiff alleges that the defendants failed to provide him reasonable accommodations and retaliated against him in violation of the ADA and the TWCA. (*See* doc. 1-6 at 6.) He acknowledges that when he originally filed this suit in state court, he had asserted an ADA claim but that his complaint with the EEOC remained pending. (doc. 7 at 2.) The Supreme Court recently held that the mandatory exhaustion requirement of Title VII is "not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Tex. v. Davis*, ––– U.S. –––, 139 S. Ct. 1843, 1851 (2019). The ADA incorporates by reference Title VII's administrative procedures. *See Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam)). Because Plaintiff asserts an ADA claim and administrative exhaustion is not a jurisdictional requirement to file suit in federal court, federal question jurisdiction existed at the time of removal. *See Clewis*, 578 F. App'x at 471; *Zamora*, 647 F. App'x at 331; *see also Cormier v. Wal-Mart Stores, Inc.*, 145 F. Supp. 3d 666, 670 (W.D. La. 2015) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 680 (5th Cir. 1985) ("[T]he Fifth Circuit has ruled that waiting for receipt of the right-to-sue notice before suing is not jurisdictional.") (citations omitted)). Plaintiff's motion for remand on this basis should also be denied. *See, e.g., Leaumont v. City of Alexandria*, No. 1:13-CV-02397, 2013 WL 5426013, at *3 (W.D. La. Sept. 26,

2013), *aff'd by* 582 F. App'x 407 (5th Cir. 2014) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (denying motion to remand unexhausted ADA claim because "[p]laintiff's failure to exhaust his administrative remedies does not defeat federal question jurisdiction")).[5]

### III.  MOTION TO STAY DISCOVERY

Plaintiff also moves to stay discovery pending resolution of the motion for remand. (*See* doc. 14.) Because the motion for remand should be denied, his motion to stay discovery is **DENIED as moot**.

### IV.  RECOMMENDATION

Plaintiff's motion for remand should be **DENIED**, and his motion to stay discovery is **DENIED as moot**.[6]

**SO RECOMMENDED** on this 12th day of May, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Because Plaintiff's motion for remand is subject to denial, it is unnecessary to address the defendants' remaining arguments for denying remand.

[6] In the conclusion to their response to the motion to stay discovery, the defendants request "an Order compelling Plaintiff to provide discovery responses and responsive documents without objection, within ten (10) days of the date of the Order, or face discovery sanctions." (*See* doc. 17 at 8-9.)  Any intended motion to compel is **DENIED** without prejudice to filing a motion that complies with the applicable rules of civil procedure and the local civil rules.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE