IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WATKINS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2252-X-BH |
| | § | |
| SALEM CARRIERS INCORPORATED, | § | |
| CHRISTI I. WHITAKER, SALEM | § | |
| SAFETY DEPARTMENT, CRUM & | § | |
| FORSTER INSURANCE BROKERS, | § | |
| TAMMIE ROSSITER MANAGER, | § | |
| and TONI WHITLOW, | § | |
| CRUM & FORSTER ADJUSTER, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Plaintiff's Motion to . . . Remand*, filed July 6, 2020 (doc. 24). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On August 16, 2019, Donald Watkins (Plaintiff) sued Salem Carriers Incorporated, Cristi I. Whitaker, and Salem Safety Department (collectively Salem Defendants), and Crum & Forster, Tammie Rossiter, and Toni Whitlow (collectively Crum Defendants), in County Court at Law No. 4 in Dallas County, Texas, for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the Texas Workers' Compensation Act, V.T.C.A., Labor Code § 401.001 *et seq.* (TWCA). (doc. 1-6 at 1-7.)[2] His state court petition alleges that the defendants "discriminated and retaliated against [him] for suffering a disability and exercising his

---

[1]By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Texas right to file for Worker's Compensation claim by denying employment accommodation and terminating [his] employment in direct violation of the ADA and [TWCA]." (*Id.* at 6.) Plaintiff seeks "lost past light duty wages in the amount of $30,000," "lost future wages for five years in the ammount [sic] of $179,400," and "punitive damages in the amount of $100,000 from each Defendant." (*Id.* at 6-7.)

On September 19, 2019, Crum Defendants removed the action, asserting federal question jurisdiction based on Plaintiff's ADA claims and supplemental jurisdiction over his remaining claims. (*See* doc. 1 at 3.)[3] Plaintiff moved to remand this action on October 11, 2019, asserting a lack subject matter jurisdiction because his ADA claim was under investigation by the EEOC and he had not exhausted his administrative remedies when the case was removed. (doc. 7 at 1-2.) He also alleged that he was never served the notice of removal. (*Id.* at 1.) On May 12, 2020, it was recommended that the motion to remand be denied because the requirements for removal had been satisfied and federal question jurisdiction existed at the time of removal, and the recommendation was accepted on June 22, 2020. (*See* docs. 20, 23.)

On July 6, 2020, Plaintiff moved for leave to amend his complaint to drop his ADA claim, and for remand of his remaining state law TWCA claim. (*See* doc. 24.) Defendants opposed the motion on grounds that he was only seeking to defeat federal jurisdiction. (*See* docs. 27, 28.) On September 28, 2020, Plaintiff and Crum Defendants filed a joint stipulation of dismissal of all of Plaintiffs claims against Crum Defendants with prejudice. (*See* doc. 31.) After a hearing on October 29, 2020, his motion for leave to amend the complaint to drop his ADA claim was granted, and the amended complaint was ordered filed. His motion for remand remains pending.

---

[3]The joint notice of removal stated that Salem Defendants consented to removal. (docs. 1 at 5; 1-19.)

## II. REMOVAL

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship. *Id.* § 1332(a).

To determine whether removal jurisdiction exists, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Additionally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

In this case, Defendant asserted federal question jurisdiction as a basis for removal. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). To determine whether resolution of a substantial

3

question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial [*4] responsibilities." *Id.* at 338.

Here, Plaintiff's state petition contained a federal statutory claim, i.e., the ADA claim, at the time of removal. He previously moved to remand the case on grounds that his ADA claim was still pending before the EEOC, so he had not yet exhausted his administrative remedies, and that he had not been served with the notice of removal. (*See* docs. 6, 7.) The Court found that federal question jurisdiction existed over his ADA claim, so removal of the case to federal district court was proper. (*See* docs. 20, 23.)

### III. REMAND

Plaintiff has now amended his complaint to drop the ADA claim and he seeks remand of the remaining TWCA claim. (*See* docs. 24, 47, 49.) Salem Defendants object on grounds that voluntary amendment of the complaint to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction. (*See* doc. 28 at 6-7.) They argue that the Court should exercise supplemental jurisdiction over the remaining claim.

A plaintiff cannot "replead to divest the federal court of jurisdiction and therefore require remand to state court." *16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 559 (5th Cir. 2018); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.") (citations omitted). A federal district court has discretion to remand a properly removed case to state

4

court when all federal-law claims have been eliminated and only pendent state-law claims remain. *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991).

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC,* No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996). Here, Plaintiff's state and federal claims derived from one nucleus of operative fact as required for supplemental jurisdiction – they all stemmed from Plaintiff's work injury.

Under § 1367(c), a court may also decline to exercise supplemental jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c). When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This

rule is "neither mandatory nor absolute," however. *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. "[N]o single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Despite the otherwise broad grant of supplemental jurisdiction to federal district courts, it is limited in cases arising under state worker's compensation laws by 28 U.S.C. § 1445. It provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445. Plaintiff's "claim of retaliatory termination under § 451.001 [of the Texas Labor Code] is a claim arising under Texas worker's compensation laws" for purposes of § 1445(c). *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (*citing Jones v. Roadway Express, Inc.*, 931 F. 2d 1086, 1092 (5th Cir. 1991)). In *Sherrod*, the Fifth Circuit Court of Appeals "broadly interpret[ed] § 1445(c) in order to further Congressional intent toward maintaining state court jurisdiction over worker's compensation cases filed in state court." *Id.* (*citing Jones*, 931 F.2d at 1092). It therefore held that "§ 1445(c) prohibits removal of state worker's compensation claims regardless of whether jurisdiction is based on diversity or federal question." *Id.* at 1118-19. Accordingly, it found that the district court had erred by failing to sever and remand the plaintiff's worker's compensation

6

retaliation claim under § 451.001, which had been removed because it was coupled with a federal age discrimination claim. *See id.*

Likewise, in this case, despite the fact that Plaintiff's remaining state law TWCA claim under § 451.001 was coupled with a federal employment discrimination claim, § 1445(c) requires remand. *See id.; see also Perkins v. Child Care Associates*, No. 4:16-CV-694-A, 2016 WL 5079922, at *2 (N.D. Tex. Sept. 16, 2016) ("courts have routinely found that § 1445(c) requires remand of claims for retaliatory discharge as arising under Tex. Labor Code § 451.001" )(*citing Jones*, 931 F.2d at 1091 (collecting cases in which a claim of employment discrimination stemming from the employee's filing a workers' compensation claim)).

### III.  RECOMMENDATION

Plaintiff's motion to remand should be **GRANTED**, and the case should be **REMANDED** to County Court at Law No. 4 in Dallas County, Texas for further proceedings.

**SO RECOMMENDED** on this 24th day of November, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE